𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CORBITT V. WRIGHT.

March 15, 1917.

1. DESCENT AND DISTRIBUTION—*Theory of the Statute.*—The theory of our statute of descent and distribution is that the estate of the ancestor at his death (subject to the rights of the widow, if there be one) passes in coparcenary equally to his children.

2. ADVANCEMENT — *Hotchpot — Purchaser From Distributee.*—Virginia Code of 1904, section 2561, provides that: "Where any descendant of a person dying intestate as to his estate, or any part thereof, shall have received from such intestate in his lifetime, or under his will, any estate, real or personal, by way of advancement, and he or any descendant of his shall come into partition and distribution of the estate with the other parceners and distributees, such advancement shall be brought into hotchpot with the whole estate real and personal, descended or distributable, and thereupon such party shall be entitled to his proper portion of the estate real and personal." Under this provision where the advancement to such descendant is equal to or exceeds his share in the estate, it bars his right to further participation; and, although the section does not refer to a purchaser from the descendant, yet such purchaser is charged with knowledge of the public statutes of the State, and only buys and can only take the interest of his grantor in the estate. The doctrine of *bona fide* purchaser has no application. The purchaser only buys the heir's interest, and when that interest is ascertained he is entitled to that and to nothing more.

Appeal from a decree of the Circuit Court of Nansemond county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Williams, Tunstall & Thom* and *W. P. Lipscombe,* for the appellants.

*J. R. Saunders,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

In a suit brought by appellant as purchaser of the interest of Thomas B. Wright in the real estate of which his father died seized against the other heirs for partition, the circuit court denied the relief sought by a decree which sets forth the following material facts: That Cornelius W. Wright, the father, died intestate on October 3, 1910, leaving real estate and survived by his widow and fourteen children; that by deed dated February 20, 1912, Thomas B. Wright, a son, conveyed his undivided interest in the real estate descended to plaintiff; that at the time of the conveyance no suit had been commenced for the administration of the estate, nor had any report been filed of debts and demands against it; that decedent in his lifetime had made advancements to Thomas B. Wright in excess of his interest in the estate; that plaintiff was a purchaser for value from Thomas B. Wright, and at the time of the purchase had made no inquiry and had no knowledge of the advancements to his grantor.

Upon these facts the circuit court was of opinion that at the time of the conveyance Thomas B. Wright, by reason of the advancement, had no interest in the real estate in question, and that plaintiff could acquire, and did acquire, no other or greater interest than his grantor had therein; and plaintiff in open court having expressed unwillingness to come into hotchpot, it was decreed that he had no interest in the estate.

The theory of our statute of descent and distribution is that the estate of the ancestor at his death (subject to the rights of the widow, if there be one) passes in coparcenary equally to his children. And, by Virginia Code, 1904, section 2561, "Where any descendant of a person dying intestate as to his estate, or any part thereof, shall have received

from such intestate in his lifetime, or under his will, any estate, real or personal, by way of advancement, and he or any descendant of his shall come into partition and distribution of the estate with the other parceners and distributees, such advancement shall be brought into hotchpot with the whole estate real and personal, descended or distributable, and thereupon such party shall be entitled to his proper portion of the estate real and personal."

It results from this equitable method of settlement that where the advancement to such descendant is equal to or exceeds his share in the estate, it bars his right to further participation. It is true the section does not in terms refer to a purchaser from the descendant, yet such purchaser is charged with knowledge of the public statutes of the State, and only buys and can only take the interest of his grantor in the estate.

Obviously, the doctrine of *bona fide* purchaser has no application to the case. Appellant bought the heir's interest in the estate, and when that interest is ascertained he is entitled to that and to nothing more.

The general rule is thus stated in the article on "Descent and Distribution" in Cyc: "When an heir or distributee assigns his interest in an unsettled estate, the effect is to divest him of his title or right and vest the same in the assignee, who may maintain an action for such interest in his own name under the statutes allowing assignees to sue; but the assignment cannot in any way affect the condition of the administrator or of the estate. The purchaser or assignee occupies the same position that his assignor or grantor occupied, taking the interest granted, with all of the grantor's rights and subject to all of his liabilities." The text is sustained by numerous authorities cited in the notes. 14 Cyc. 136.

The same doctrine is enunciated in Ruling Case Law,

60

where it is said: "The grantee of an heir's interest in the realty of his ancestor stands in the place of the heir, and in the same relation to the estate. * * * His rights are no greater than those of the heir, especially when the deed does not purport to convey any particular tract but merely such interest in the ancestor's lands as the grantor is entitled to as heir. * * * The fact that the heir has been advanced may be shown to reduce the interest received by the purchaser." 9 R. C. L., pp. 122-3, and cases cited.

The decree of the circuit court is demonstrably right and must be affirmed.

*Affirmed.*